UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TALIA KHIO,<br><br>Defendant. | No.  1:18-cr-00219-DAD-BAM-1<br><br>ORDER DENYING DEFENDANT KHIO'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)<br><br>(Doc. No. 272) |

On January 27, 2022, defendant Talia Khio filed a *pro se* motion for a reduction of defendant's sentence or modification of his sentence to home confinement pursuant to the First Step Act of 2018, 18 U.S.C. § 3582(c)(2), based in part on allegations that he is receiving inadequate medical care in U.S. Bureau of Prisons (BOP) confinement and in part on the effect of the COVID-19 coronavirus pandemic on conditions of his confinement.  (Doc. No. 272 at 1–2.) On February 2, 2022, the court referred defendant's motion to the Office of the Federal Defender for review and possible supplementation and the following day appointed counsel for that same purpose in place of the Federal Defender.  (Doc. Nos. 274, 275.)  On May 10, 2022, defendant wrote to the court asserting that his medical condition was deteriorating and asking that his motion for compassionate release be granted.  (Doc. No. 280.)  On May 20, 2022, appointed counsel on behalf of defendant filed a notice stating that no supplement to the pro se motion

would be filed, advising the court of the steps taken by counsel to secure defendant's early release from confinement and advising the court that defendant was now scheduled for release from BOP custody on July 29, 2022. (Doc. No. 281.) The government did not file a response to the pending *pro se* motion for compassionate release.

Based upon appointed counsel's report to the court, it appears that defendant's motion has been rendered moot by his release from prison. *See Chapple v. United States*, No. 3:19-cv-18213-AET, 2020 WL 614552, at *2 (D.N.J. Feb. 10, 2020) ("Petitioner's release from federal custody, however, renders moot his request for an award of good-time credits."); *Hamani v. Smalley*, No. 1:19-cv-07253-RBK, 2020 WL 2732073, at *1 (D.N.J. May 26, 2020) (same). As the district court in *Chapple* noted, "[i]t appears . . . that [defendant] has completed serving his terms of imprisonment and is not presently confined in a federal correctional institution." *Chapple*, 2020 WL 614552, at *1. Specifically, the court in *Chapple* "t[ook] judicial notice that the Bureau of Prisons inmate locator states that [defendant] was released from custody on June 8, 2017." *Id.*

Here, the court takes judicial notice that the Bureau of Prisons inmate locator reflects that defendant Khio was in fact released from the custody of the U.S. Bureau of Prisons on July 29, 2022.[1] To the extent that defendant Khio is currently serving a term of supervised release[2] and is seeking to reduce that supervised release term by way of the pending § 3582(c)(2) motion, that request must be denied. First, defendant Khio did not request relief with respect to his term of supervised release in his motion. (*See* Doc. No. 272.) More importantly, such relief is not available to him as a matter of law. As the Ninth Circuit has noted, "[b]y its plain language, § 3582(c)(2) does not provide for a reduction in the supervised release portion of the sentence."

/////

---

[1] U.S. BUREAU OF PRISONS, INMATE LOCATOR, https://www.bop.gov/inmateloc/ (last visited on August 1, 2022).

[2] On March 23, 2021, defendant Khio was sentenced to a term of imprisonment of forty-six (46) months to be followed by a term of supervised release of thirty-six (36) months. (Doc. No. 262 at 2–3.)

*United States v. Island*, 336 F. App'x 759, 760–61 (9th Cir. 2009)[3]; *see also United States v. Johnson*, 529 U.S. 53, 59 (2000) ("The objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release. Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration.").

Accordingly, defendant Khio's motion, brought pursuant to 18 U.S.C. § 3582(c)(2), for a reduction or modification of his sentence (Doc. No. 272) is denied.

IT IS SO ORDERED.

Dated:   **August 5, 2022**

_____
UNITED STATES DISTRICT JUDGE

---

[3] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).